UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

COLITE INTERNATIONAL INC., a South Carolina corporation, et al.

      Plaintiffs,

vs.

ROBERT L. LIPTON, INC., et al.

      Defendants.
_____/

CASE NO. 05-60046-CIV-DIMITROULEAS

Magistrate Judge Torres

## ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURES 60(b)(1)

THIS CAUSE is before the Court upon Plaintiffs' Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedures 60(b)(6) [DE 189]. The Court has carefully considered this motion, Robert L. Lipton's Response [DE 190], notes that no Reply has been filed, and is otherwise fully advised in the premises.

### I. BACKGROUND

The procedural background of this case is by now quite familiar, but the Court will restate it one final time for sake of clarity. On January 10, 2005, Plaintiff Colite International, Inc. ("Colite") filed the original Complaint [DE 1] in the above-styled action alleging one count against Defendant Robert L. Lipton, Inc. ("Lipton") for violating the Federal RICO statute. On February 16, 2005, a First Amended Complaint [DE 8] was filed by Plaintiffs Colite, John Anderson ("Anderson"), Kayla Thammavongsa ("Thammavongsa"), John Papp ("Papp"), East Coast Mailing Systems, Inc. ("East Coast"), David Locke, Bonnie Locke, The Silkmasters Depot, Inc. ("Silkmasters"), Marc Gallet ("Gallet"), and Tile International, Inc. ("Tile") alleging two counts against Defendants Lipton, National Barter Corporation ("NBC"), Howard Taylor ("Taylor"), Atlas Long Term Equipment Leasing, Inc. ("Atlas"), Herbert Finerman, a/k/a Herb

Fine ("Fine"),[1] and Frances Walker ("Walker") for violating the Federal RICO statute and the Florida RICO statute.[2]  On June 29, 2005, a Second Amended Complaint [DE 61] was filed by Plaintiffs Colite, Anderson, Thammavongsa, Discount First Class Travel, Inc. ("Discount"), Papp, East Coast, David Locke, Bonnie Locke, Silkmasters, Gallet, Tile, William Botero, Kathleen Botero, and Delta Graphics, Inc. ("Delta") alleging two counts against Defendants Lipton, Joseph Moro ("Moro"), President of Defendant Robert L. Lipton, Inc., Sean Traxler, Joseph De Gennaro, Brian McCoy, Jim Collins, NBC, Taylor, Atlas, and Fine for violating the Federal RICO statute and the Florida RICO statute.

On July 27, 2005, Lipton filed a Motion to Dismiss the Second Amended Complaint [DE 75], and on July 29, 2005 NBC and Taylor filed a Joinder in Lipton's Motion to Dismiss [DE 77]. In their August 12, 2005 Response [DE 81] to the July 27, 2005 Motion to Dismiss, the Second Amended Complaint Plaintiffs conceded that some aspects of the Second Amended Complaint did not satisfy the standards of a well-plead complaint rule, and thus requested permission to file a Third Amended Complaint.  Therefore, on August 17, 2005, the Court entered an Order Granting the July 27, 2005 Motion to Dismiss [DE 86].  In the August 17, 2005 Order the Court noted that it was concerned about the delays in prosecuting this case, but that it would reluctantly grant permission to file a Third Amended Complaint.

On September 1, 2005, a Third Amended Complaint [DE 90] was filed by Plaintiffs Colite, Anderson, Thammavongsa, Discount, Papp, East Coast, David Locke, Bonnie Locke,

---

[1] It appears from his January 12, 2006 Letter [DE 122] that Defendant Fine's actual name is Herbert Feinerman.  However, to remain consistent the Court will refer to Mr. Feinerman as either "Herb Fine" or "Fine."

[2] On March 21, 2005, a Stipulation for Dismissal [DE 22] was filed that dismissed Defendant Walker with prejudice from this matter.

2

Silkmasters, Gallet, Tile, William Botero, Kathleen Botero, Delta, Gerry Goodin, Office Chairs Unlimited, Inc., Rami Argov, Yehuda Argov, Interior Design Center, Inc., Juan Mecado, Exotic Collectors Nursery, Inc., Albert Bruno, Paramount Sales, Inc., Daniel Cohen, Aventura Home Decor, Inc., Sanjeev Manucha, and Prism Distributors, Inc. alleging seven counts against Defendants Lipton, NBC, Moro, Taylor, Atlas, and Fine (collectively "Defendants").[3]  The Third Amended Complaint asserted the following counts: (1) a Federal RICO count asserted against all Defendants, (2) a Florida RICO count asserted against all Defendants, (3) a Federal RICO conspiracy count asserted against all the Defendants, (4) a Florida RICO conspiracy count asserted against all Defendants, (5) a recision/fraudulent inducement count asserted against Lipton, Moro, NBC, and Taylor, (6) a common law fraud count against all Defendants, and (7) a respondeat superior count against Lipton.

The Third Amended Complaint alleged that Defendants developed a scheme to defraud individuals and entities that became members or associated with NBC, a barter club.  Essentially, with the exception of Colite, each of the Plaintiffs attempted to acquired a car on barter through NBC.[4]  NBC and its president, Taylor, allegedly informed the Plaintiffs that cars could be acquired by barter if they became a member of NBC, since Lipton, a car dealership, was a member of NBC.  For all Plaintiffs, except Colite, the scheme allegedly occurred as follows: NBC and Taylor informed the Plaintiffs that by joining NBC the Plaintiffs would be able to obtain a car on

---

[3] On November 28, 2005, default was entered against both Defendant Atlas [DE 117], and Defendant Fine [DE 118].  On January 12, 2006, however, the Court received a Letter [DE 122] from Fine indicating that his attorney had not been informing him of these proceedings.

[4] Colite alleges that it became a member of NBC not to obtain a car, but rather to obtain billboard vinyl. According to the Third Amended Complaint, Lipton advertised on a Colite billboard using the barter system. However, Colite cancelled Lipton's advertising when it discovered that it could not obtain billboard vinyl on barter through NBC as it was promised.  According to Colite, fraudulent statements by NBC were made as to what was available on barter.

barter; each Plaintiff obtained a car from Lipton when they signed a lease for the car with Lipton; each Plaintiff entered into another agreement with Atlas who was to pay the lease payments on the leased cars;[5] for a short period of time Atlas made the lease payments for the Plaintiffs, but then stopped making payments on the leases; the Plaintiffs learned that Atlas and its principal, Herb Fine, were having cash problems and would be unable to make further lease payments. The Third Amended Complaint alleged that Lipton and its president at the time, Moro, never agreed that the leases on the cars could be paid by barter.

On January 20, 2006, this Court entered an Order [DE 123] dismissing the Third Amended Complaint. The January 20, 2006 Order dismissed the federal and state RICO claims, as well as the respondeat superior claim, of the Third Amended Complaint with prejudice. However, the federal and state RICO conspiracy counts, the recision/fraudulent inducement count, and the common law fraud count of the Third Amended Complaint were each dismissed without prejudice. The Court gave the Plaintiffs up to and including January 30, 2006 to file a Fourth Amended Complaint that would cure the deficiencies of those claims dismissed without prejudice.

On January 30, 2006, Plaintiffs Colite, Anderson, Thammavongsa, Discount, Papp, East Coast, Gallet, and Tile (collectively the "Plaintiffs") filed a Fourth Amended Complaint [DE 125].[6] Based upon nearly identical factual allegations as those contained in the Third Amended

---

[5] The Third Amended Complaint alleges that the Lipton lease agreements were subsequently sold to banks, which are not parties to this lawsuit. At least some of the Plaintiffs allegedly continue to make payments on these leases to these banks.

[6] On March 24, 2006, the Court entered an Order [DE 148] amending the January 20, 2006 Order to dismissed with prejudice the entirety of the Third Amended Complaint as to those Plaintiffs that failed to file a Fourth Amended Complaint. As such, the Plaintiffs named in the Fourth Amended Complaint are the only remaining Plaintiffs in this matter.

Complaint, these Plaintiffs allege the following four counts against all Defendants: (1) a Federal RICO conspiracy count, (2) a Florida RICO conspiracy count, (3) a recision/fraudulent inducement count, and (4) a common law fraud count.  On February 10, 2006, Defendant Lipton filed a Motion to Dismiss the Fourth Amended Complaint, and subsequently Defendants Moro, Howard and NBC each filed a Joinder in Lipton's instant Motion.  Moreover, on February 16, 2006, Defendants Howard and NBC filed their own Motion to Dismiss Fourth Amended Complaint With Prejudice [DE 136].

On June 6, 2006 the Court entered its Order Granting the Motion to Dismiss and Closing the Case [DE 151].  In this Order, the Court noted that the Fourth Amended Complaint suffered from the same deficiencies found in the prior pleadings.  The Court dismissed the entire complaint with prejudice for (1) failing to conform to the pleading standards of Federal Rule of Civil Procedure 8 and Southern District of Florida Local Rule 12.1 and (2) failing to substantively assert claims for Federal or State RICO conspiracy, recision/fraudulent inducement, or common law fraud.  The Court noted that based on the long procedural history in this case and the repeated chances Plaintiffs were given to amend their complaint, at that stage in the proceedings it was appropriate to dismiss the Fourth Amended Complaint with prejudice.

On November 21, 2006, the Plaintiff filed a Motion for Relief from Judgment pursuant to Rule 60(b)(6).  The Court denied the Motion on the grounds that Rule 60(b) cannot be used to escape the consequences of failing to file or prosecute an appeal.  See Ackerman v. United States, 340 U.S. 193, 198 (1950).  On September 15, 2006 the Court of Appeals dismissed the Plaintiff's Appeal for lack of prosecution for failure to file appellate briefs within the time permitted [DE 160].  Therefore, the Court noted that the grounds raised by the Plaintiffs in their Rule 60(b)(6) motion were not the kind of "extraordinary circumstances" contemplated by the rule.  The

Plaintiffs' cannot get around their failure to appeal the dismissal of their claim by filing a Rule 60(b)(6) motion. The Court noted that in Kalpprott v. United States, the Supreme Court made clear that mere neglect is not enough to satisfy the strictures of Rule 60(b)(6). 335 U.S. 601, 613-14 (1949).

On February 22, 2007 the Plaintiff filed a notice of appeal of this Court's January 23, 2007 Order denying the Plaintiff's Motion for Relief from judgment [DE 178]. On April 26, 2007 the Plaintiff's appeal was once again dismissed for want of prosecution [DE 187]. This Rule 60(b)(1) motion follows this dismissal of the Plaintiff's Appeal.

### III. DISCUSSION

The Court once again notes that it is a well settled rule that Rule 60(b) motion may not be used to escape the consequences of failing to file or prosecute an appeal. See Ackerman, 340 U.S. at 198. In this case not only is the Plaintiff's Motion an improper attempt to re-raise issues that should have been raised on appeal, but the basis of the Motion is also entirely misplaced. The Plaintiff cites to Magistrate Judge Torres' order where he states "The district court concluded that *even if it were mistaken* as to the procedural failings of the Third Amended Complaint, the RICO counts should nevertheless be dismissed with prejudice as far as they relate to Lipton . . . ." [DE 179]. Plaintiffs allege that this statement amounts to a concession that the Court erred in dismissing the RICO counts on procedural grounds. As the Defendants point out, this reading is completely misguided and unreasonable. A plain reading of the Magistrate's statement shows that the Court dismissed the RICO claim for two reasons: (i) procedural defects (which included failing to file a *proper* RICO case statement and filing a shotgun pleading) and (ii) substantive defects (i.e. failure to state a cause of action). This statement can under no circumstances be read as a concession that the Court has erred in dismissing the case on procedural grounds or that the

6

Court has not read and reviewed all documents the parties have submitted.

## III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Relief from the Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(1) [DE 189] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 20th day of August, 2007.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Jane M. Letwin, Esq.
Christian A. Petersen, Esq.
Gail Scopinich, Esq.
Allen Stein, Esq.
Kevin Jackson, Esq.

Joseph Moro
330 SW 167th Ave.
Pembroke Pines, FL 33027

Herbert Feinerman
20191 East Country Club Drive
#511
Aventura, FL 33180